**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14cv84**

| | |
|---|---|
| **MICHAEL J. FRANKLIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND** |
| **CAROLYN W. COLVIN,** ) | **RECOMMENDATION** |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for disability benefits. This case came before the Court on the administrative record and the parties' Motions for Summary Judgment [# 7 & # 11]. The Court **RECOMMENDS** that the District Court **DENY** the Commissioner's Motion for Summary Judgment [# 11], **GRANT** Plaintiff's Motion for Summary Judgment [# 7], and **REMAND** the decision of the commissioner.

I.  **Procedural History**

Plaintiff filed an application for disability insurance benefits on June 3, 2010. (Transcript of Administrative Record ("T.") 179.) Plaintiff alleged an onset

date of October 15, 2009.  (T. 179, 204.)  The Social Security Administration denied Plaintiff's claim.  (T. 149-52.)  Plaintiff requested reconsideration of the decision, which was also denied.  (T. 158-62.)   A disability hearing was then held before an Administrative Law Judge ("ALJ").  (T. 76-114.)  The ALJ then issued a decision finding that Plaintiff was not disabled from October 15, 2009, through the date of the decision. (T. 46-61.)   Plaintiff requested review of the ALJ's decision, which was denied by the Appeals Council (T. 1-4).  Plaintiff then brought this action seeking review of the Commissioner's decision.

**II.     Standard for Determining Disability**

An individual is disabled for purposes of receiving disability payments if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001).  The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled.  Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether  a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits his ability to perform basic work-related

functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his past relevant work; (5) whether the claimant is able to perform any other work considering his age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520. If at any stage of the inquiry, the Commissioner determines that the claimant is or is not disabled, the inquiry is halted. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

### III. The ALJ's Decision

In his January 18, 2013, decision the ALJ found that Plaintiff has not been disabled under Section 216(i) and 223(d) of the Social Security Act since October 15, 2009. (T. 61.) The ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Security Act through December 31, 2014.

(2) The claimant has not engaged in substantial gainful activity since October 15, 2009, the alleged onset date (20 CFR 404.1571 *et seq.*).

(3) The claimant had the following severe impairments: degenerative joint and degenerative disc disease of the cervical and lumbar spine, osteoarthritis of the bilateral hands, major depressive disorder, and panic disorder (20 CFR 404.1520(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equaled the severity of one

-3-

of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

(5) After careful consideration of the entire record, I find the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with certain limitations. Specifically, the claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently. The claimant can sit, stand, and walk for about 6 hours each out of an 8-hour workday. The claimant can occasionally climb ladders, ropes, or scaffolds. The claimant can frequently climb ramps and stairs. The claimant can occasionally stoop and crouch. The claimant can frequently reach overhead, finger, and handle. The claimant must avoid concentrated exposure to hazards. The claimant can perform simple, one-two step tasks in low stress work environment, defined as one that does not involve production/assembly-line/high-speed work or contact with the public.

(6) The claimant is unable to perform any past relevant work (20 CFR 404.1565).

(7) The claimant was born on May 23, 1963 and was 46 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

(8) The claimant has a limited education and is able to communicate in English (20 CFR 404.1564).

(9) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant had transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

(10) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in

significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

(11) The claimant has not been under a disability, as defined in the Social Security Act, from October 15, 2009, through the date of this decision (20 CFR 4041520(g)).

(T. 48-61.)

**IV. Standard of Review**

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by

substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

## V. Analysis[1]

Residual functional capacity is an administrative assessment made by the Commissioner as to what a claimant can still do despite his or her physical or mental limitations. SSR 96-8p, 1996 WL 374184 (Jul. 2, 1996); 20 C.F.R. §§ 404.1546(c); 404.946(c). In assessing a claimant's residual functional capacity, the ALJ will consider all of the claimant's medically determinable impairments, including those that are not severe. 20 C.F.R. § 404.1545(a)(2). The residual capacity assessment is based on the all the relevant medical and other evidence in the record. 20 C.F.R. § 404.1545(a)(3). In determining a claimant's residual functional capacity, the ALJ must identify the claimant's functional limitations or restrictions and assess the claimant's work-related abilities on a function-by-function basis. SSR 96-8p. The ALJ's assessment must include a narrative discussion detailing how the evidence in the record supports his or her conclusion. SSR 96-9p.

The ALJ found that Plaintiff had the RFC to perform:

light work as defined in 20 CFR 404.1567(b) with certain limitations.

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

> Specifically, the claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently. The claimant can sit, stand, and walk for about 6 hours each out of an 8-hour workday. The claimant can occasionally climb ladders, ropes, or scaffolds. The claimant can frequently climb ramps and stairs. The claimant can occasionally stoop and crouch. The claimant can frequently reach overhead, finger, and handle. The claimant must avoid concentrated exposure to hazards. The claimant can perform simple, one-two step tasks in low stress work environment, defined as one that does not involve production/assembly-line/high-speed work or contact with the public.

(T. 52.) Plaintiff contends that the ALJ improperly evaluated the medical record, which resulted in an inaccurate credibility determination and RFC.

After the submission of the briefs in this case, however, the United States Court of Appeals for the Fourth Circuit issued Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015). In Mascio, the Fourth Circuit held that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by limiting the claimant to simple, routine tasks or unskilled work. Id. "As Mascio points out, the ability to perform simple tasks differs from the ability to stay on tasks. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." Id.

Here, the ALJ found that Plaintiff had moderate difficulties with concentration, persistence, and pace. (T. 50.) This finding is consistent with the record, which reflects that Plaintiff had a difficult time focusing and completing oral instructions, although he was "fair" at following written instructions. (T. 234-

36, 336-37.) The ALJ, however, failed to specifically address how these moderate limitations do not result in any work limitations as to concentration, persistence, or pace. To the extent that the ALJ intended the limitation to one-two step tasks to account for Plaintiff's moderate limitations in concentration, persistence, and pace, the decision fails to specifically set forth how this limitation to one-two step tasks accounts for Plaintiff's limitations.

Although the ALJ's findings at step two and three may not require an RFC that imposes any additional limitations for concentration, persistence, or pace, the ALJ must at least provide a sufficient explanation in the decision to allow this Court to conduct meaningful review of the RFC determination. See Scruggs v. Colvin, No. 3:14-cv-00466-MOC, 2015 WL 2250890, at *5 (W.D.N.C. May 13, 2015) ("Because the court is left to guess as to how the ALJ concluded that Plaintiff could perform the relevant functions in light of her mental limitations, the court finds that substantial evidence does not support his decision and that remand is therefore appropriate."); Reinhardt v. Colvin, No. 3:14-cv-00488-MOC, 2015 WL 1756480, at *3 (W.D.N.C. Apr. 17, 2015) ("Mascio clearly imposes on the Commissioner a duty to explain why such mild mental health impairments found at step two do not translate into work-related limitations when plaintiff's RFC for work is considered."). As the United States District Court for the Middle District

of North Carolina recently explained in remanding a case for the ALJ to specifically address the claimant's moderate limitations in concentration, persistence, and pace:

> it is unclear to this Court whether the ALJ concluded that [claimant's] moderate limitations in concentration, persistence, or pace had no impact on her disability, in which case he should say so, or whether he simply failed to consider it at the RFC stage and at steps four and five. While the Court recognizes that the RFC is the ALJ's province, he must make clear to this Court that he considered all of [claimant's] impairments in formulating the RFC and at steps four and five. . . . [A] necessary predicate for this Court to engage in substantial evidence review is a record that adequately explains the ALJ's findings and reasoning. Because the ALJ failed to address [claimant's] ability to stay on task as required by Mascio, remand is required.

Salmon v. Colvin, No. 1:12CV1209, 2015 WL 1526020, at *3 (M.D.N.C. Apr. 2, 2015).

The Court finds that based on Fourth Circuit's recent decision in Mascio, remand is similarly required in this case for the ALJ to specifically address Plaintiff's limitations in concentration, persistence, and pace in formulating Plaintiff's RFC. To the extent that the ALJ intended the limitation to one-two step tasks to account for any limitations in concentration, persistence, and pace, or determined that the moderate limitations in concentration, persistence, and pace had no impact on Plaintiff's ability to work, the ALJ should specifically state so in the decision and provide a sufficient discussion to allow this Court to conduct

meaningful review.  The Court, therefore, **RECOMMENDS** that the District Court **GRANT** Plaintiff's motion [# 7] and **REMAND** this case for further proceedings.  On remand, the ALJ should be mindful of how Mascio also impacts the use of the boilerplate language contained in the decision regarding the ALJ's credibility determination.  See Mascio, 780 F.3d at 639-40.

## VI.    Conclusion

The Court **RECOMMENDS** that the District Court **DENY** the Commissioner's Motion for Summary Judgment [# 11], **GRANT** Plaintiff's Motion for Summary Judgment [# 7], and **REMAND** this case for further proceedings consistent with this Memorandum and Recommendation.

Signed: June 24, 2015

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).