UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:14-cv-00084-MOC-DLH

| | |
|---|---|
| **MICHAEL J. FRANKLIN,** | ) |
| Plaintiff, | ) ) ) |
| Vs. | ) ) ORDER |
| **CAROLYN W. COLVIN,** **Acting Commissioner of Social Security,** | ) ) ) ) |
| Defendant. | ) ) |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed.

**I.     Background**

Plaintiff filed an application for disability insurance benefits on June 3, 2010, alleging an onset date of October 15, 2009. (Tr. 179). Plaintiff requested reconsideration of the decision, which was also denied. (Tr. 158-62). A disability hearing was then held before an Administrative Law Judge ("ALJ"), who subsequently issued a decision and held that Plaintiff was not disabled from October 15, 2009, through the date of the decision. (Tr. 46-61). Plaintiff requested review of the ALJ's decision, which was denied by the Appeals Council. (Tr. 1-4). Plaintiff then brought this action seeking review of the Commissioner's decision.

After the parties filed motions for summary judgment, The Honorable Dennis L. Howell, United States Magistrate Judge, issued his Memorandum and Recommendation for this case. (#13). Based on a decision issued by the Fourth Circuit after both motions for summary judgment

1

were filed, Judge Howell recommended that this case be remanded for more expansive analysis of Plaintiff's limitations in concentration, persistence, and pace and their associated impact on Plaintiff's residual functional capacity. Memorandum and Recommendation (#13) at 9; see Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015). Judge Howell noted that on remand the ALJ should also be mindful of the Fourth Circuit's stance on boilerplate language as articulated in Mascio. (#13 at 11). Defendant filed a timely objection to the Memorandum and Recommendation, to which Plaintiff did not respond, and the matter is now ripe for review.

## II.     Standard of Review

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

After careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the

2

court will affirm the Memorandum and Recommendation and grant relief in accordance therewith.

**III.     Analysis**

As a preliminary matter, the court notes that Plaintiff did not file a response to Defendant's objection. While failure to respond to a *persuasive* objection typically presages that the court will uphold the objection, here the court finds the arguments of the Commissioner, while well taken, are not ultimately persuasive in light of current case law. After de novo review, this court reaches the same conclusion as did the magistrate judge, as discussed infra.

Defendant objects to the Memorandum and Recommendation on the grounds that Judge Howell improperly reviewed the ALJ's findings and that the ALJ did provide appropriate analysis of Plaintiff's limitations on concentration, persistence, and pace. Specifically, Defendant cites analysis by the ALJ of elements of a mental status exam, psychological tests, clinical observations, strengths, and weaknesses measuring Plaintiff's abilities in concentration persistence, and pace. The court agrees with Defendant that the ALJ provided a justifiable explanation for his finding that Plaintiff suffered from moderate limitations in concentration, persistence, and pace, but the court cannot overlook that the ALJ did not then reference these limitations in the residual functional capacity that the ALJ submitted. Defendant suggests that the ALJ's finding that Plaintiff "can perform simple, one-two step tasks in a low stress work environment, defined as one that does not involve production/assembly-line/high-speed work or contact with the public" is a proper accounting for Plaintiff's moderate limitations in concentration, persistence, and pace. (Tr. 52). However, the court believes that under current Fourth Circuit precedence, the ALJ must directly explain how he accounted for Plaintiff's moderate limitations in concentration, persistence, and pace in Plaintiff's residual functional capacity, such that the court may properly review the ALJ's analysis. As the burden is squarely on the Commissioner at the fifth step, the ALJ must provide

3

this court with a thorough analysis of the factors which ultimately informed the ALJ's conclusion.

As a result, the court agrees with Judge Howell that the ALJ's reasoning here is similar to that in Mascio. Consequently, the court finds the ALJ erred in failing to explicitly connect Plaintiff's moderate difficulties in concentration, persistence, and limitations with limitations in Plaintiff's residual functional capacity. While the ALJ may find that these difficulties do not affect Plaintiff's ability to work or are already accounted for by the residual functional capacity -- and therefore continue to exclude these difficulties from the hypothetical presented to the vocational expert -- the ALJ is obliged to provide greater explanation than he did here under case law which post-dates the ALJ's decision.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#13) is **AFFIRMED,** the Commissioner's Motion for Summary Judgment (#11) is **DENIED,** Plaintiff's Motion for Summary Judgment (#7) is **GRANTED,** and the commissioner's decision is remanded for proceedings consistent with the Memorandum and Recommendation.

Signed: July 24, 2015

Max O. Cogburn Jr
United States District Judge