UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:14-cv-00084-MOC-DLH

| | |  | |
|---|---|---|---|
| **MICHAEL J. FRANKLIN,** | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| Vs. | ) | ORDER | |
| | ) | | |
| **CAROLYN W. COLVIN,** | ) | | |
| | ) | | |
| Defendant. | ) | | |

**THIS MATTER** is before the court on the Commissioner's Motion to Alter or Amend Judgment. In her motion, the Commissioner seeks reconsideration of this court's July 24, 2015, affirmance of the Magistrate Judge's June 24, 2015, recommendation that this matter be remanded to her for a new hearing. The Commissioner contends that the court erred when it determined that the ALJ did not properly account for plaintiff's work related mental health restrictions under Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015). Plaintiff opposes the motion contending that the court correctly applied Mascio and that the Commissioner's motion constitutes a second round of objections to the Magistrate Judge's Memorandum and Recommendation ("M&R").

**I.     Applicable Standard**

Rule 59(e), Federal Rule of Civil Procedure 59(e) governs motions to alter or amend a judgment. The Court of Appeals for the Fourth Circuit has recognized "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)

(citing EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997). Rule 59(e) provides an "extraordinary remedy that should be used sparingly," Pac. Ins. Co., 148 F.3d at 403 (internal citation omitted), which is ultimately within "the sound discretion of the district court." Singletary v. Beazley Ins. Co., 2013 WL 6850147, at *2 (D.S.C. Dec. 30, 2013) (citation omitted). Importantly, Rule 59(e) motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Pac. Ins. Co., 148 F.3d at 403 (citation and internal quotations omitted). Likewise, a Rule 59(e) motion is not an opportunity to relitigate issues already ruled on because a litigant is displeased with the result. United States ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002). The Commissioner appears to seek to correct a clear error of law.

**II.     Discussion**

**A.     Failure to Require Briefing**

First, the Commissioner faults this court for ordering remand based on Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015) without first giving the parties an opportunity to brief that decision. Motion (#19) at 3. Despite the passage of some three months between the decision in Macio and the Magistrate Judge's M&R, no party either asked the court for leave to file supplemental briefs or filed a supplemental memorandum. Further, the Commissioner did not raise such failure in her Objections to the M&R, but raises it for the first time in the form of a Motion for Reconsideration. See Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986) (failure to raise an objection precludes raising that objection on appeal). While it certainly would have been advantageous for the parties to have fully briefed the issue, the court will not fault the Magistrate Judge for considering dispositive motions in light of current case law.

B.  **Application of Mascio**

Second, the Commissioner contends that the magistrate judge's Recommendation and this court's Order of affirmance is not a correct application of Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), because the hypothetical the ALJ posed to the Vocational Expert and the written RFC determination referenced work related mental limitations.

The Commissioner argues that the ALJ's hypothetical was appropriate when viewed in light of Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011), wherein the Eleventh Circuit determined that the ALJ properly accounts for a claimant's mental health limitations in concentration, persistence, and pace by limiting the hypothetical to include only unskilled work or, as in other circuits, when the questions posed to the VE otherwise *implicitly* account for the claimant's limitations:

> when medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations. Additionally, other circuits have held that hypothetical questions adequately account for a claimant's limitations in concentration, persistence, and pace when the questions otherwise implicitly account for these limitations.

Id. (internal citations omitted). In response, plaintiff argues that "the controlling case law here is Mascio, not the out of circuit cases it referenced …." This court's colleagues appear to differ with plaintiff, holding post-Mascio that the trial courts of the Fourth Circuit have "come to rely upon *Winschel's* reasoning to comply with Mascio." Jones v. Colvin, 2015 WL 5056784, at *11 (W.D. Va. Aug. 20, 2015) (citation omitted).

The substantive question raised by the Commissioner's Rule 59(e) motion is whether there is a *clear* error of law. The Commissioner points the court to the transcript of the hearing, at the

point where the ALJ posed a hypothetical to the VE at the Fourth Step of the sequential evaluation process. Among other things, the ALJ stated:

> This individual could do simple, one, two-step **tasks in a low-stress work environment**. Low stress is not a functional term. To put it in functional terms, **it would have to be accommodated by non-production work**. And I recognize every job requires production. What I'm talking about is an assembly line where one would have to produce a product in a high speed manner. Also to put the low stress in functional terms, **it would be no public contact**. Could such an individual perform any of the claimant's past relevant work as actually performed or as generally performed in the national economy?

Tr. 110-11 (emphasis added). Similarly in his written decision denying the claim at the fifth step, the ALJ made an RFC determination which included work related limitations, as follows:

> The claimant can perform simple, one-two step tasks in a low stress work environment, defined as one that does not involve production/assembly-line/high-speed work or contact with the public.

Tr. 52. When viewed in light of Jones, which post-dates the Magistrate Judge's and this court determination and recognizes reliance on Winschel, these determinations by the ALJ may well be found to satisfy Mascio. The court finds that reconsideration is, therefore, appropriate as it appears that the court may well have erred.

### C. Conclusion

The Commissioner asks the court to reverse its decision, overrule the magistrate judge, and grant judgment in her favor despite the fact that plaintiff's other arguments were not considered as it appeared that Mascio disposed of this case. Plaintiff points out in his response that affirmance of the Commissioner's decision is not appropriate as he raised other reasons why the final determination of the Commissioner was not supported by substantial evidence. The court agrees with plaintiff that the Commissioner's suggested course of action goes too far.

Instead, the court finds that in granting reconsideration under Rule 59 in the context of a referral under 28 U.S.C. § 636(b), it is appropriate to remand the matter to the Magistrate Judge for plenary consideration of all the arguments of the parties.  The court wishes to make it clear that it in no manner faults the Magistrate Judge for taking up the Mascio issues or for not anticipating that Winschel would be used by other trial courts in this circuit to determine compliance with Mascio.  Indeed, this court initially read the strictures of Mascio just as the magistrate judge did in his decision.  If plaintiff or defendant desires to further pursue the Mascio argument, they can move to amend or supplement the briefing within 14 days of receipt of this Order by filing a motion for leave, which will be resolved by the magistrate judge.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Commissioner's Motion to Alter or Amend Judgment (#18) is GRANTED, the court's Order (#15) is STRICKEN, the Judgment (#16) is VACATED, and the Memorandum and Recommendation (#13) is REVERSED and REMANDED for plenary consideration of all the arguments of the parties by the magistrate judge and issuance of a new Memorandum and Recommendation.  As a mate of housekeeping, the Motion for Attorney fees (#17) is DENIED without prejudice as moot.

If they wish to further pursue the Mascio arguments, the parties are allowed 14 days within which to file motions for leave to amend and/or supplement their pleadings. The court suggests

that counsel for the respective parties confer on the issue of further briefing and at that time discuss whether there can be an amicable resolution.

Signed: September 16, 2015

Max O. Cogburn Jr
United States District Judge