# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:14cv84

| | |
|---|---|
| MICHAEL J. FRANKLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER AND |
| ) | MEMORANDUM AND |
| CAROLYN W. COLVIN, ) | RECOMMENDATION |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for disability benefits. This case is now before the Court on an Order of remand from the District Court. As an initial matter, the Court **STRIKES** the Supplemental Memorandum [# 22], Supplemental Memorandum [# 23], and the Response [# 24] from the record. The Court **RECOMMENDS** that the District Court **DENY** the Motion for Summary Judgment [# 7] and **GRANT** the Motion for Summary Judgement [# 12].

## I.    Procedural History

Plaintiff filed an application for disability insurance benefits on June 3, 2010. (Transcript of Administrative Record ("T.") 179.) Plaintiff alleged an onset

date of October 15, 2009.  (T. 179, 204.)  The Social Security Administration denied Plaintiff's claim.  (T. 149-52.)  Plaintiff requested reconsideration of the decision, which was also denied.  (T. 158-62.)   A disability hearing was then held before an Administrative Law Judge ("ALJ").  (T. 76-114.)  The ALJ then issued a decision finding that Plaintiff was not disabled from October 15, 2009, through the date of the decision.  (T. 46-61.)   Plaintiff requested review of the ALJ's decision, which was denied by the Appeals Council (T. 1-4).  Plaintiff then brought this action seeking review of the Commissioner's decision.

After the parties filed summary judgment motions, the Court issued a Memorandum and Recommendation recommending that the District Court remand the decision of the Commissioner. (Order, Jun. 24, 2015.)  The Court found that in light of the decision of the United States Court of Appeals for the Fourth Circuit in <u>Mascio v. Colvin</u>, 780 F.3d 632 (4th Cir. 2015), as well as the decisions of courts in this District applying <u>Mascio</u>, that remand was required for the ALJ to specifically address Plaintiff's limitations in concentration, persistence, and pace in formulating Plaintiff's RFC.  (Order, June 24, 2015.)  The Commissioner objected to the Court's Memorandum and Recommendation.  (Def.'s Obj. Mem. Recommendation, ECF No. 14.)   The District Court overruled the Commissioner's objections and affirmed the Court's Memorandum and Recommendation.  (Order,

Jul. 24, 2015.) The Clerk then entered Judgment in the case. (Clerk's Judgment, ECF No. 16.)

After the entry of the Clerk's Judgment in this case, the Commissioner filed a Motion to Alter the Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Def.'s Mot. Alter Amend J., ECF No. 18.)

The District Court granted the Commissioner's motion, finding that this Court's application of Mascio to the facts of this case was clear error and that the decision of the District Court to adopt this Court's Memorandum and Recommendation was clear error. (Order, Sept. 16, 2015.) The District Court then vacated the Judgment, struck its prior Order affirming the Memorandum and Recommendation from the Record, reversed the Memorandum and Recommendation, and remand the case to this Court for consideration of the issue originally raised by Plaintiff in his Motion for Summary Judgment [# 7] but not reached by this Court because of this Court's finding that Mascio required remand. In addition, the District Court instructed the parties as follows:

> If plaintiff or defendant desires to further pursue the Mascio argument, they can move to amend or supplement the briefing within 14 days of receipt of this Order by filing a motion for leave, which will be resolved by the magistrate judge.

(Order, Sept. 16, 2015, at p. 5.) Finally, the District Court instructed this Court to issue a new Memorandum and Recommendation.

After the District Court entered its Order remanding the case, neither party moved for leave to file supplemental briefing or to amend their briefing. Instead, both sides filed supplemental briefs addressing issues that the District Court have just resolved, i.e. whether <u>Mascio</u> required remand. This Court, however, never granted the parties leave to file the supplemental briefs. The case is now back before the Court for a Memorandum and Recommendation to the District Court regarding the issue originally raised by Plaintiff in his Motion for Summary Judgment.

**II.  Standard for Determining Disability**

An individual is disabled for purposes of receiving disability payments if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); <u>see</u> <u>also</u> <u>Mastro v. Apfel</u>, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. <u>Johnson v. Barnhart</u>, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits his ability to perform basic work-related

functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his past relevant work; (5) whether the claimant is able to perform any other work considering his age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520. If at any stage of the inquiry, the Commissioner determines that the claimant is or is not disabled, the inquiry is halted. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

### III. The ALJ's Decision

In his January 18, 2013, decision the ALJ found that Plaintiff has not been disabled under Section 216(i) and 223(d) of the Social Security Act since October 15, 2009. (T. 61.) The ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Security Act through December 31, 2014.

(2) The claimant has not engaged in substantial gainful activity since October 15, 2009, the alleged onset date (20 CFR 404.1671 *et seq.*).

(3) The claimant had the following severe impairments: degenerative joint and degenerative disc disease of the cervical and lumbar spine, osteoarthritis of the bilateral hands, major depressive disorder, and panic disorder (20 CFR 404.1520(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equaled the severity of one

-5-

of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

(5)  After careful consideration of the entire record, I find the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with certain limitations. Specifically, the claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently. The claimant can sit, stand, and walk for about 6 hours each out of an 8-hour workday. The claimant can occasionally climb ladders, ropers, or scaffolds. The claimant can frequently climb ramps and stairs. The claimant can occasionally stop and crouch. The claimant must avoid concentrated exposure to hazards. The claimant can perform simple, one-two step tasks in low stress work environment, defined as one that does not involve production/assembly-line/high speed work or contact with the public.

(6)  The claimant is unable to perform any past relevant work (20 CFR 404.1565).

(7)  The claimant was born on May 23, 1963 and was 46 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

(8)  The claimant has a limited education and is able to communicate in English (20 CFR 404.1564).

(9)  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant had transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2.)

(10) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant

can perform (20 CFR 404.1569 and 404.1569(a)).

(11) The claimant has not been under a disability, as defined in the Social Security Act, from October 15, 2009, through the date of this decision (20 CFR 404.1520(g)).

(T. 48-61.)

### IV. Standard of Review

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by

substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

V. Analysis[1]

**A. The Prior Order of the District Court is Dispositive on <u>Mascio</u>**

After the entry of the District Court's Order, both parties filed supplemental briefs again addressing Mascio. In granting a Rule 59(e) motion, however, the District Court has already found that this Court's prior determination that Mascio required remand in this case was clear error. Accordingly, there is nothing else for this Court to consider regarding the application of Mascio, and it is not for this Court to revisit any of these issues. Plaintiff's remedy, to the extent that there is one, lies with the Fourth Circuit, not this Court. Rather, the issue now before this Court is whether the issue initially raised by Plaintiff but not considered by this Court in its prior Memorandum and Recommendation – that the ALJ failed to properly assess Plaintiff's credibility - requires remand. This is an issue that has not been reached by this Court or the District Court. As such, the Court issues this Memorandum and Recommendation to address this lone issue and comply with the Order of remand from the District Court.

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

### B. The Parties Failed to Comply with the District Court's Order

In remanding the case back to this Court, the District Court was clear. If the parties wanted additional briefing, either side could file a motion to amend or supplement the pleadings within fourteen days of receipt of the District Court's Order. Upon the filing of such a motion, this Court would then determine whether additional briefing was necessary to the resolution of this case. Neither party, however, filed such a motion, nor did this Court grant either party leave to file supplement briefs in this case. Accordingly, the Court **STRIKES** from the record the supplemental memorandums filed by the parties [# 22, # 23 & # 24].

### C. Plaintiff's Initial Memorandum Fails to Adequately Set Forth Each of the Alleged Errors

Plaintiff's Memorandum in Support of Motion for Judgment on the Pleadings indicates that it presents one alleged error – that the ALJ "improperly evaluated the medical record resulting in an inaccurate assessment of Plaintiff's credibility and the resulting residual functional capacity . . ." (Pl.'s Memo. Supp. Mot. J. Pleadings 1, ECF No. 8.) A review of Plaintiff's memorandum, however, reflects that Plaintiff appears to attempt to raise several alleged errors by the ALJ in this one section. Moreover, Plaintiff only cites a single case in his entire legal argument section, <u>Sims v. Apfel</u>, 530 U.S. 103, 120 S. Ct. 2080, 2085 (2000), for the rather unremarkable proposition that " Social Security proceedings are

inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits . . . ."

As this Court and other district courts in this District have routinely warned parties practicing before it, counsel for a plaintiff in a social security case should set forth each assignment of error separately with citations to relevant legal authority for each alleged error or risk the Court disregarding the various arguments weaved into a single alleged error. See e.g. Pope v. Colvin, No. 2:13-CV-8-FDW, 2014 WL 944609, at *2 (W.D.N.C. Mar. 11, 2014) (Whitney, C.J.); McClellan v. Colvin, Civil No. 1:12-ccv-00255-MR-DLH, 2013 WL 5786839, at *3 n.2 (W.D.N.C. Oct. 28, 2013) (Howell, Mag. J.); Haynes v. Colvin, Civil No. 2:12-cv-4-MR-DLH, 2013 WL 5729538 (W.D.N.C. Oct. 22, 2013) (Howell, Mag. J.). Attorneys practicing in this District and before this Court in particular are on notice that they must do more than lump various legal arguments with little to no supporting legal authority into a single assignment of error. As such, this Court will not attempt to parse through the various arguments unsupported by citations to relevant legal authority that Plaintiff weaves through the single assignment of error. Instead, the Court will address the lone issue properly raised by counsel – did the ALJ err in his credibility determination of Plaintiff.

## D. The ALJ Did Not Err in Assessing Plaintiff's Credibility

Plaintiff contends that the ALJ failed to properly consider the Plaintiff's statements regarding his pain and symptoms. As an initial matter, the Court recognizes that it is not the role of this Court to determine whether Plaintiff's testimony was fully credible. Craig, 76 F.3d at 589. Rather, the question for the Court is whether the ALJ applied the proper legal standard in assessing Plaintiff's credibility and whether the ALJ's decision is supported by substantial evidence. Id.

In assessing a claimant's statement of pain and other symptoms, the ALJ applies a two part process. Id. at 594; Hines, 453 F.3d at 565. First, the ALJ must assess whether there is a medically determinable physical impairment that could reasonably be expected to produce claimant's symptoms. 20 C.F.R. §404.1529(c)(1); Craig, 76 F.3d at 595; Hines, 453 F.3d at 565. If the ALJ finds that a claimant suffers such an impairment and that the impairment could reasonably be expected to produce the symptoms of pain of which claimant complains, the ALJ proceeds to step two. 20 C.F.R. § 404.1529(c)(1); Aytch v. Astrue, 686 F. Supp. 2d 590, 604 (E.D.N.C. 2010).

At the second step, the ALJ must evaluate the intensity and persistence of the pain, as well as the extent to which the claimant's symptoms and pain impact

his or her ability to work. 20 C.F.R. § 404.1529(c)(1); Craig, 76 F.3d at 595. "This evaluation requires the ALJ to determine the degree to which the claimant's statements regarding symptoms and their functional effects can be believed and accepted as true; thus the ALJ must consider conflicts between the claimant's statements and the rest of the evidence." Aytch, 686 F. Supp. 2d at 604. This evaluation takes into account all of the available evidence, including the claimant's medical history, the medical signs and laboratory findings, other objective medical evidence, and testimony or statements from claimant, physicians, or others regarding the pain and symptoms. 20 C.F.R. § 404.1529(c)(1) & (2); Craig, 76 F.3d at 595.

Here, the ALJ applied this two-step process in assessing Plaintiff's statements regarding his symptoms. (T. 53-54.) The ALJ first determined that Plaintiff's medically determinable impairments could reasonably be expected to produce some of the symptoms Plaintiff alleged. (T. 53.) The ALJ then found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (T. 53.)

The ALJ also provided detailed and specific reasons for why he found Plaintiff's testimony not fully credible. (T. 54.) For example, the ALJ found that

the record did not indicate that Plaintiff routinely complained of or sought treatment for joint or extremity swelling despite Plaintiff's statements regarding the intensity of the swelling in his joints and extremities. (T. 54, 82-85.) In addition, the ALJ found that the evidence of Plaintiff's activities was inconsistent with his alleged symptoms. (T. 54.) The ALJ noted that Plaintiff mows his lawn, rode a motorcycle after the alleged onset date prior to selling the motorcycle three to four months prior to the hearing, occasionally drives, attends church twice a month, and goes out to eat once a month. (Id.) Finally, the ALJ found that Plaintiff had served as a pastor at church and delivered sermons since the alleged onset date and traveled to Delaware for a funeral. (Id.)

As the regulations make clear, Plaintiff's daily activities are relevant to the ALJ's determination as to the severity of Plaintiff's symptoms. 20 C.F.R. § 404.1529(c)(i). The ALJ did not err by relying on this evidence in finding that Plaintiff's statements as to the intensity and persistence of his pain, as well as the extent to which his symptoms and pain impact his ability to work were not wholly credible. In essence, what Plaintiff wants this Court to do is reweigh the evidence in a light more favorable to Plaintiff and discount the evidence relied upon by the ALJ because Plaintiff sold his motorcycle, testified that he experienced pain while he rode the riding lawn mower, and had to take a break from preaching. While

Plaintiff may disagree with the result that the ALJ reached based on the application of this two-step process, the record is clear that the ALJ applied the correct legal standard in assessing Plaintiff's credibility, and it is not the role of this Court to re-weigh the evidence and determine whether Plaintiff's testimony is credible or to substitute the judgment of this Court for that of the ALJ. See Craig, 76 F.3d at 589. The Court finds that the ALJ's determination that Plaintiff's testimony was not fully credible was the result of the application of the proper legal standard and is supported by substantial evidence in the record. As such, remand is not required based on the alleged error of the ALJ to assess Plaintiff's credibility.

## VI. Conclusion

The Court **STRIKES** the Supplemental Memorandum [# 22], Supplemental Memorandum [# 23], and the Response [# 24] from the record. The Court **RECOMMENDS** that the District Court **DENY** the Motion for Summary Judgment [# 7] and **GRANT** the Motion for Summary Judgement [# 12].

Signed: February 3, 2016

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).