UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:14-cv-00084-MOC-DLH

| | | |
|---|---|---|
| MICHAEL J. FRANKLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on review of the Honorable Dennis L. Howell's second Memorandum and Recommendation (hereinafter "M&R") (#25). In that M&R, Judge Howell struck the parties' respective briefs on the Mascio issue because the parties failed to first seek leave to file those supplemental briefs, as this court directed, Order (#25) at 1, further concluded that this court's Order (#21) on the Commissioner's Motion to Alter Judgment (#18) was dispositive, and then after a thorough discussion of the remaining issues recommended affirming the Commissioner's final decision.

Close review of the opinion of Judge Howell reveals that it is in large part premised on a conclusion that the Mascio issue was foreclosed by this court's Order of Remand. Judge Howell held in relevant part as follows:

1

> In granting a Rule 59(e) motion, however, the District Court has already found that this Court's prior determination that <u>Mascio</u> required remand in this case was clear error. Accordingly, there is nothing else for this Court to consider regarding the application of <u>Mascio</u>, and it is not for this Court to revisit any of these issues. Plaintiff's remedy, to the extent that there is one, lies with the Fourth Circuit, not this Court.

Order (#25) at 8. While the court can certainly see how Judge Howell reached that conclusion, this court disagrees as the Order of Remand anticipated that there may be additional arguments:

> When viewed in light of <u>Jones</u>, which post-dates the Magistrate Judge's and this court determination and recognizes reliance on <u>Winschel</u>, these determinations by the ALJ <u>may</u> well be found to satisfy <u>Mascio</u>. The court finds that reconsideration is, therefore, appropriate as it appears that the court <u>may</u> well have erred.
> 
> \*\*\*
> 
> Instead, the court finds that in granting reconsideration under Rule 59 in the context of a referral under 28 U.S.C. § 636(b), it is appropriate to remand the matter to the Magistrate Judge for <u>plenary consideration of all the arguments of the parties</u>.

Order (#21) at 4-5 (emphasis added). By using phrases such as "may well be found to satisfy Mascio," <u>id.</u> at 4, and "for plenary consideration of all the arguments of the parties," <u>id.</u> at 5, this court intended for the magistrate judge to hear *all* the arguments, including any arguments that the parties had concerning <u>Mascio</u>. Indeed, while the court appreciates the deference, the "mandate rule" did not require Judge Howell to find that this court had resolved the <u>Mascio</u> issue because only "issue[s] conclusively decided by this court" are not remanded. <u>Doe v. Chao</u>, 511 F.3d 461,

2

465 (4th Cir. 2007). Here, the court did not intend to make a conclusive finding on the Mascio issue. The court does not fault Judge Howell, but faults *itself* for not being clearer; however, this court will overrule the magistrate judge's conclusion that Mascio was a closed issue on remand.

For similar reasons, the court will also reverse the magistrate judge's decision to strike the briefs of the parties on the Mascio issue. That determination appeared, at least in part, premised on Mascio being a closed issue on remand as the court is certain that the briefs would not have been stricken had Judge Howell determined that Mascio remained an open issue. Like Judge Howell, this court recognizes that the parties failed to seek leave as instructed; however, in light of Mascio being an open issue, the need for the additional briefing now outweighs the parties' procedural misstep and the court will grant, *nunc pro tunc*, leave to file such briefs and will restore such memoranda to the docket without further action of the parties.

Finally, a close review of the M&R reveals that the magistrate judge's recommendation that the final decision of the Commissioner be affirmed was also premised on the Mascio issue being resolved in favor of the Commissioner by the undersigned in the Order of Remand. While no objections to the M&R were filed, it appears from a close reading of the M&R that the Mascio issue was preserved for appellate review without the necessity of filing objections. M&R (#25) at 8. While

the statute does not on its face require any review of issues that are not the subject of an objection, Thomas v. Arn, 474 U.S. 140, 149 (1985), a district judge, nonetheless, is responsible for the final determination and outcome of the case, and, accordingly, the court has conducted a careful review of the magistrate judge's recommendation. Despite the lack of objections, the court cannot affirm the conclusions of the magistrate judge *at this time* as the Mascio issue on which the recommendation is premised remains open. Having considered the additional briefs of the parties on the Mascio issue, the court concludes that oral arguments are necessary so that this court can better understand the positions of the parties before issuing a final decision.

The Clerk of Court will be instructed to calendar this matter for oral arguments. While the court is aware that travel for oral arguments is an exceptional event for agency counsel representing the Commissioner, this court treats SAUSAs no differently than AUSAs in setting matters for oral arguments.

***

Again the parties are encouraged to resolve this matter amicably. The court takes the position (as is the practice in North Carolina) that settlement discussions are confidential and that the substance of those discussions should not be revealed to the court or the public in any memorandum. To the extent that such discussions

may have been revealed or discussed in earlier memoranda, the court has given those revelations no consideration.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Order striking the memoranda of the parties is REVERSED; the parties are GRANTED leave to file supplemental memoranda *nunc pro tunc*, without the necessity of refiling; the supplemental memoranda (#22 and #23) are deemed timely filed and are RESTORED to the docket; and the Clerk of Court shall schedule oral arguments on the Mascio issue before the undersigned as soon as possible.

As all counsel are from outside the district, counsel should confer as to the most convenient courthouse for oral arguments as the undersigned has regular motion days in Asheville and Charlotte, but could also be available in Statesville. Counsel should communicate any preference to the Clerk of Court as soon as possible.

Signed: March 14, 2016

Max O. Cogburn Jr.
United States District Judge