UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:14-cv-00084-MOC-DLH

| | |
|---|---|
| **MICHAEL J. FRANKLIN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **CAROLYN W. COLVIN,** ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation (#25) issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). No objections have been filed within the time allowed.

The Federal Magistrates Act of 1979, as amended, provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge

1

is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation. After such careful review, the court determines that the recommendation of the magistrate judge is not fully consistent with current law. Based on such determinations, and for the reasons explained herein, the court will overrule the Memorandum and Recommendation, grant Plaintiff's Motion for Summary Judgment, deny the Commissioner's Motion for Summary Judgment, and remand this case to the Commissioner for further proceedings.

I. PROCEDURAL HISTORY

The procedural history of this Social Security Appeal is more complex than most. After both parties engaged in briefing, this matter became ripe on January 2, 2015. The magistrate judge issued a Memorandum and Recommendation (#13) on June 24, 2015, recommending that this case be remanded in light of the directives of the Fourth Circuit in Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015), which was issued on March 18, 2015. Over an objection filed by the Commissioner (#14), this court affirmed that Memorandum and Recommendation by Order dated July 24, 2015. See (#15).

The Commissioner then filed a Motion to Amend the Judgment on August 20, 2015, see (#18), which this court granted based on the fact that recent district court cases had interpreted Mascio in a manner possibly inconsistent with this court's previous ruling. See (#21). The court reversed and remanded the Memorandum and Recommendation, instructing the magistrate judge to reconsider the parties' arguments in light of such caselaw. In light of the fact that the parties had never briefed the issues raised in Mascio because that decision was issued while the summary judgment motions were pending, this court's remand Order stated, "If they wish to

further pursue the Mascio arguments, the parties are allowed 14 days within which to file motions for leave to amend and/or supplement their pleadings." See (#21) at p. 5.

In late September 2015, the parties filed supplemental briefs on the impact of Mascio on the ALJ's decision in this case. On February 3, 2016, the magistrate judge issued a second Memorandum & Recommendation, wherein he struck the parties' respective briefs on the Mascio issue because the parties failed to seek leave to file those supplemental briefs before so filing. The magistrate judge further concluded that this court's Order (#21) on the Commissioner's Motion to Alter Judgment (#18) was dispositive, and then after a thorough discussion of the remaining issues, recommended affirming the Commissioner's final decision. (#25). No party objected to that Memorandum & Recommendation. When the time for objections had passed and the matter became ripe before this court, this court reversed the magistrate judge's Order striking the supplemental Mascio briefs and restored them to the docket. See (#26). This court then calendared the Mascio issue in this case for oral arguments, noting that the court wanted to better understand the parties' positions before issuing a decision. Id. The court heard oral arguments on April 20, 2016. The matter having been fully presented to the court, the court now finds that remand is appropriate for the reasons explained herein.

## II. ADMINISTRATIVE HISTORY

Plaintiff filed an application for disability insurance benefits on June 3, 2010, alleging an onset date of October 15, 2009. (Transcript of Administrative Record ("T.") 179, 204). The Social Security Administration denied Plaintiff's claim initially and again upon reconsideration. (T. 149-52; 158-62). After a hearing was held before an Administrative Law Judge ("ALJ"), (T. 76-114), the ALJ issued a decision finding that Plaintiff was not disabled from the onset date through the date of the decision. (T. 46-61). Plaintiff requested review of the ALJ's decision,

which was denied by the Appeals Council, (T. 1-4), thus rendering the ALJ's decision the final decision of the Commissioner. See 20 C.F.R. § 404.981. Plaintiff then brought this action seeking review of the Commissioner's decision, see 42 U.S.C. § 405(g), and this matter is now before the court after the above-recited procedural history.

### III.  FACTUAL BACKGROUND

It appearing that the ALJ's findings of fact are supported by substantial evidence, the court adopts and incorporates such findings herein as if fully set forth.  Such findings are referenced in the substantive discussion which follows.

### IV.  STANDARD OF REVIEW

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence.  Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not de novo, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Perales, 402 U.S. at 401 (internal citations omitted).  A court will "affirm the Social Security Administration's disability determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015) (internal quotation marks omitted).   "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion.  It consists of more than a mere scintilla of evidence but may be less than a preponderance." Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (citation and internal quotation marks omitted).  A court is not, however, to "reweigh conflicting evidence[] [or] make credibility determinations" in evaluating whether a decision is supported by substantial

evidence; rather, "[w]here conflicting evidence allows reasonable minds to differ," a reviewing court will defer to the Commissioner's decision. Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted). The Fourth Circuit has explained the role of the district court engaging in substantial evidence review as follows:

> the district court reviews the record to ensure that the ALJ's factual findings are supported by substantial evidence and that its legal findings are free of error. If the reviewing court decides that the ALJ's decision is not supported by substantial evidence, it may affirm, modify, or reverse the ALJ's ruling with or without remanding the cause for a rehearing. A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence. If the reviewing court has no way of evaluating the basis for the ALJ's decision, then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.

Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) (internal citations and quotations omitted).

V. **SUBSTANTIAL EVIDENCE**

A. **Introduction**

The court has read the transcript of Plaintiff's administrative hearing, closely read the decision of the ALJ, reviewed the exhibits contained in the administrative record, and considered the arguments of counsel related to Mascio. The issue is not whether the court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the ALJ is supported by substantial evidence. For the reasons explained herein, the court finds that it is not.

B. **Sequential Evaluation**

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

5

a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

b. An individual who does not have a "severe impairment" will not be found to be disabled;

c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d. If, upon determining residual functional capacity, the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

e. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 404.1520(b)-(f). The burden of proof and production during the first four steps of the inquiry rests on the claimant. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. Id. In this case, the Commissioner determined Plaintiff's claim at the fifth step of the sequential evaluation process.

### C. The Administrative Decision

With an alleged onset date of October 15, 2009, the issue before the ALJ was whether Plaintiff was disabled between that date through the date of decision. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since that date. (T. 48). At Step Two, the ALJ found that the claimant had the following severe impairments: degenerative joint and degenerative disc disease of the cervical and lumbar spine, osteoarthritis of the bilateral hands, major depressive disorder, and panic disorder (20 CFR 404.1520(c)). Id. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or

medically equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (T. 49).

The ALJ then found that Plaintiff had the residual functional capacity ("RFC") to perform:

> light work as defined in 20 CFR 404.1567(b) with certain limitations. Specifically, the claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently. The claimant can sit, stand, and walk for about 6 hours each out of an 8-hour workday. The claimant can occasionally climb ladders, ropers, or scaffolds. The claimant can frequently climb ramps and stairs. The claimant can occasionally stop and crouch. The claimant must avoid concentrated exposure to hazards. The claimant can perform simple, one-two step tasks in low stress work environment, defined as one that does not involve production/assembly-line/high speed work or contact with the public.

(T. 52). At step four, the ALJ found that Plaintiff was unable to perform his past relevant work. (T. 60). At step five, the ALJ found that Plaintiff could perform jobs existing in significant numbers in the national economy. Id. Accordingly, the ALJ found that Plaintiff was not disabled from October 15, 2009, through January 18, 2013, the date of the decision. (T. 61).

### A.   Discussion

#### 1. *Plaintiff's Assignments of Error*

Plaintiff argues that the ALJ's decision is not supported by substantial evidence based on two relevant holdings in Mascio. First, Plaintiff contends that the ALJ's failure to conduct a function-by-function assessment in accordance with SSR 96-8p was reversible error. Second, Plaintiff contends that the RFC failed to account for Plaintiff's moderate limitations in concentration, persistence, and pace. The court will address these arguments in turn.

#### 2. *Function-by-function analysis and Plaintiff's ability to walk*

In formulating RFC,[1] the "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function

---

1 The ALJ is solely responsible for determining the RFC of a claimant. 20 C.F.R. § 404.1546(c). RFC is a statement of the most a person can do in a work setting in light if his impairments, and any related symptoms, such as pain. 20 C.F.R. § 404.1545. RFC assesses an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis, meaning eight hours a day for five days a week, or an equivalent

basis." SSR 96-8P, 1996 WL 374184, at *1. The RFC assessment must address both the exertional and nonexertional capacities of the individual. Id. at *5. Exertional capacity "addresses an individual's limitations and restrictions of physical strength and defines the individual's remaining abilities to perform each of seven strength demands: Sitting, standing, walking, lifting, carrying, pushing, and pulling." Id. Nonexertional capacity considers work-related limitations, including mental ones (e.g., understanding and remembering instructions and responding appropriately to supervision). Nonexertional capacity must be expressed in terms of work-related functions. Id. at *6. The "basic mental demands of … unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting." SSR 85-15, 1985 WL 56857, at *4.

Only after a function-by-function analysis has been completed may RFC "'be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy.'" Mascio, 780 F.3d at 636 (quoting SSR 96–8p, 61 Fed. Reg. at 34, 475). Additionally, SSR 96-8p "explains that the [RFC] assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." Id. (internal quotation marks and citations omitted). The RFC assessment "must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence." S.S.R. 96–8p, 1996 WL 374184, at *7.

---

work schedule. SSR 96-8P, 1996 WL 374184, at *1. In determining RFC, the ALJ must consider the functional limitations and restrictions resulting from the claimant's medically determinable impairments, including the impact of any related symptoms. Id.

The Fourth Circuit's decision in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015) held that remand may be appropriate where "an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review.'" Id. (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). The Circuit declined, however, to adopt a "per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis," noting that such rule "would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" Id.

Here, the ALJ failed to explicitly conduct a function-by-function analysis. Plaintiff contends that the failure to do so prejudiced him because the ALJ erroneously concluded that he would be able to walk for about 6 hours in an 8 hour workday. Plaintiff argues that medical evidence in the record indicates that he had difficulty walking, would not be able to walk for such amounts of time, and that the ALJ failed to consider this evidence in making his determination. Plaintiff also argues that the ALJ selectively cited the medical evidence here by relying only on evidence to support a finding that Plaintiff had no difficulty walking, but failing to cite other evidence that Plaintiff did have difficulty walking.

While there is no medical evidence in the record explicitly stating that Plaintiff would be unable to walk for that precise amount of time, treatment notes from the Revival Pain Center reveal that Plaintiff was diagnosed with right L4-5 and L5-S1 spinal stenosis with L5 radiculopathy secondary to DDD, disc protrusion and tear. The ALJ acknowledged these diagnoses in his decision, and noted that Plaintiff had been treated there for chronic neck and back pain. (T. 49) (citing Records 2F, 4F, 6F, 9F, 11F). Treatment notes from the Revival Pain Center also indicate that due to these conditions, Plaintiff presented with complaints of aching,

9

nagging pain in his back, leg, neck, and hand, and that the pain was exacerbated by standing, walking and bending. (T. 341, 345). Treatment notes also indicate that Plaintiff had hyperalgesia (increased sensitivity to pain), (T. 342), that his condition had failed conservative therapy, (T. 384), and that as of June of 2012, Plaintiff was unable to walk for more than 50 feet at a time due to constant, unbearable pain. (T. 408-09). The ALJ does not mention any of these particular treatment notes in his decision.

While an ALJ is not tasked with the responsibility of incorporating very piece of medical evidence in the record into his written decision, an ALJ must explain his decision in order to allow the court to engage in meaningful review. "While the Secretary is empowered ... to resolve evidentiary conflicts, the Secretary, through the ALJ, is required to explicitly indicate 'the weight given to all relevant evidence.'" Murphy v. Bowen, 810 F .2d 433, 437 (4th Cir. 1987) (quoting Gordon v. Schweiker, 725 F.2d 231 (4th Cir. 1984), and must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96–8P, 1996 WL 374184 at *7 (July 2, 1996). "Without an analysis of all evidence and a sufficient explanation of the weight given to 'obviously probative exhibits' it is not possible to determine if the ALJ's decision is supported by substantial evidence." Ivey v. Barnhart, 393 F.Supp.2d 387, 389-90 (E.D.N.C.2005) (quoting Arnold v. Secretary, 567 F.2d 258, 259 (4th Cir. 1977)).

Here, the record indicates in multiple places that Plaintiff's pain from stenosis causes him difficulty walking, which calls into question the ALJ's finding that he could perform the full walking and standing requirements of light work (6 hours per 8 hour work day). (Tr 52; 20 C.F.R. § 404.1567(b)). The court is concerned that the ALJ failed to fully consider all of the medical evidence as it relates to Plaintiff's ability to walk, and that the RFC fails to account for

such difficulties. "Without a careful consideration of an individual's functional capacities to support an RFC assessment based on an exertional category, the adjudicator may either overlook limitations or restrictions that would narrow the ranges and types of work an individual may be able to do, or find that the individual has limitations or restrictions that he or she does not actually have." Mascio v. Colvin, 780 F.3d at 636 (quoting SSR 96-8p, 1996 WL 374184 at *4). Therefore, on remand, the ALJ should conduct a function-by-function analysis in accordance with the directives of SSR 96-8p, with particular attention to the exertional requirement of walking relevant to light work.

### 3. Mental RFC

As noted above, the ALJ found that considering the medical evidence of record, Plaintiff had moderate difficulties with concentration, persistence, and pace. (T. 50). In his RFC, he limited Plaintiff to "simple, one-step tasks in a low stress work environment, defined as one that does not involve production/assembly-line/high speed work or contact with the public." (T. 52). The ALJ asked the vocational expert ("VE") present at the hearing whether a person with Plaintiff's RFC could perform work available in the national economy. (T. 110-11). The ALJ further explained to the VE that "[l]ow stress is not a functional term. To put it in functional terms, it would have to be accommodated by a non-production work…Also to put low stress in functional terms, it would be no public contact." (T. 110-11). Thus, the ALJ appears to have placed the "non-production" and the no interaction with the public limitations on Plaintiff out of concern for his ability to handle stress, not due to any of Plaintiff's abilities related to concentration, persistence, or pace.

The Fourth Circuit held in Mascio that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to

11

simple, routine tasks or unskilled work.'" Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015) (quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011)). The Fourth Circuit also noted that "the ability to perform simple tasks is different from the ability to stay on task," and that merely limiting a claimant to simple or unskilled work is insufficient.

The Commissioner urges the court to find that the restrictions placed on Plaintiff account for Plaintiff's limitations in concentration, persistence, and pace. Plaintiff argues they do not. Since the Circuit's ruling in Mascio, district courts within this circuit have on several occasions considered whether additional requirements on a limitation to unskilled or simple work such as those imposed by the ALJ here—including limitations to a "non-production" pace with restricted interaction with the public—sufficiently account for a moderate limitation in a claimant's ability to maintain concentration, persistence, and pace. Multiple district courts in North Carolina, including this court, have found that they do not entirely meet that requirement. See, e.g., Scruggs v. Colvin, No. 3:14–cv–00466–MOC, 2015 WL 2250890, at *5 (W.D.N.C. May 13, 2015) (finding that an ability to perform simple, routine, repetitive tasks in a nonproduction environment, without more, does not account for claimant's moderate difficulties in concentration, persistence and pace); Weeks v. Colvin, No. 5:14-cv-155-D, 2015 WL 5242927, at *4 (E.D.N.C. Sept. 8, 2015) (holding that a limitation to simple, routine, repetitive tasks with only occasional contact with the general public and few workplace changes did not sufficiently address claimant's limitations in pace); Raynor v. Colvin, No. 5:14–CV–271–BO, 2015 WL 1548996, at *2 (E.D.N.C. Apr. 7, 2015) (remanding where the hypothetical posed to the VE did not pose any limitations related to concentration and persistence other than limiting plaintiff to simple, routine tasks and the ALJ's written decision limited plaintiff to work with simple instructions and work-related decisions as well as no fast-paced production); Salmon v. Colvin,

No. 1:12-cv-1209, 2015 WL 1526020, at *3 (M.D.N.C. Apr. 2, 2015) (holding that a hypothetical limiting claimant to "simple, routine, repetitive tasks in that [she] could apply commonsense understanding to carry out instructions furnished on a written, oral, or diagrammatic form" did not account for claimant's moderate limitations in concentration, persistence and pace nor her ability to say on task); Hagerdorn v. Colvin, No. 2:12–cv–29–RLV, 2015 WL 4410288, at *4 (W.D.N.C. July 20, 2015) (finding that limitations to simple, routine, and repetitive tasks in a low-production, low-stress work setting, defined as occasional change in job setting or decision making, accounted for claimant's ability to understand, carry out, and remember instructions, respond appropriately to work situations, and deal with changes in a routine work setting, but not for his moderate limitations in concentration); Jones v. Colvin, No. 4:14-CV-00200-RN, 2015 WL 4773542, at *4 (E.D.N.C. Aug. 13, 2015) (finding hypothetical posed to VE limiting claimant to "simple, routine, repetitive tasks [and requiring that claimant] should work in a low production occupation, one which would require no complex decision making, constant change or dealing with crisis situations" did not account for claimant's moderate limitations in concentration, persistence, and pace); Leach v. Colvin, No. 4:15-CV-00021-RN, 2016 WL 50722, at *4 (E.D.N.C. Jan. 4, 2016) (holding that RFC limiting claimant to "the use of commonsense understanding to carry out oral, written, and diagrammatic instructions with frequent contact with coworkers and the public" was insufficient to address limitations in concentration, persistence, or pace); Butler v. Colvin, No. 7:14-CV-00269-BO, 2016 WL 952040, at *3 (E.D.N.C. Mar. 7, 2016). But see Linares v. Colvin, No. 5:14–cv–120, 2015 WL 4389533, at *4 (W.D.N.C. July 17, 2015) (distinguishing Mascio where ALJ limited claimant to simple, routine, repetitive tasks as well as a stable work environment at nonproduction pace with only occasional public contact, and finding that the nonproduction pace

addressed limitations in pace and the stable work environment with only occasional public contact addressed limitation in concentration and persistence). The court finds that here, as in the vast majority of the cases noted above, the limitations provided in the RFC do not adequately address Plaintiff's moderate limitations in concentration, persistence and pace as required by Mascio. While a limitation restricting interaction with the public might account for Plaintiff's moderate difficulties in social functioning, (Tr. 50), it is unclear how it would account for difficulties with concentration, persistence, or pace. Similarly, it is unclear how a restriction to a "non-production" environment would account for difficulties in concentration, persistence, and pace. Given the prevalent posturing of the district courts to have considered the issue, the court finds that remand is appropriate for further consideration of Plaintiff's moderate limitations in concentration, persistence, and pace as they impact his ability to perform the relevant work functions for a full work week.

The court also notes that, though the issue was not raised by the parties in their briefs, the ALJ failed to discuss Plaintiff's ability to stay on task for a full workday. See (Tr. 29-34, 85-86). The Fourth Circuit in Mascio was particularly concerned with the ALJ's failure to discuss the claimant's ability to perform the relevant work-related functions for a full workday. Mascio v. Colvin, 780 F.3d 632, 637 (4th Cir. 2015). See also Newton v. Colvin, No. 3:14–CV–371–RJC–DSC, 2015 WL 4411110, at *3; Scruggs v. Colvin, 2015 WL 2250890 at *4–5 (W.D.N.C. May 12, 2015) (W.D.N.C. July 20, 2015). The Circuit concluded that remand was appropriate in Mascio because the ALJ had determined that the claimant could perform certain functions, but "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence in the record on that point. Id. Because the court was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions,"

14

remand was appropriate. Id. Here, the court similarly finds that it is left to guess how the ALJ determined that Plaintiff could perform a full day's work for a full work week. Neither the RFC nor any hypothetical questions posed to the VE address Plaintiff's ability to stay on task. Because neither the ALJ's RFC nor his hypothetical to the VE addresses Plaintiff's ability to stay on task, and because it is otherwise unclear to the court how the ALJ has accounted for such ability despite the ALJ's finding that Plaintiff is moderately limited in concentration, persistence, and pace, remand is appropriate. See Mascio, 780 F.3d at 638; Scruggs, 2015 WL 2250890, at *6; Salmon, 2015 WL 1526020, at *3 (remanding because the ALJ failed to address claimant's ability to stay on task as required by Mascio); Jones, 2015 WL 4773542, at *5 (collecting cases). Because the court is left to guess as to how the ALJ concluded that Plaintiff could perform the relevant functions in light of his mental limitations, the court finds that substantial evidence does not support his decision and that remand is therefore appropriate.

## VI. CONCLUSION

The court has carefully reviewed the decision of the ALJ, the transcript of proceedings, Plaintiff's motion and brief, the Commissioner's motion and brief, and Plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ is not supported by substantial evidence. See Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990). Finding that there was not "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Perales, 402 U.S. at 401 (internal citations omitted), Plaintiff's Motion for Summary Judgment will be granted, the Commissioner's Motion for Summary Judgment will be denied, and the decision of the Commissioner will be reversed and remanded for further proceedings consistent with this Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#25) is **OVERRULED,** Plaintiff's Motion for Summary Judgment (#7) is **GRANTED**, the Commissioner's Motion for Summary Judgment (#11) is **DENIED,** and the Commissioner's decision is remanded for further proceedings.

Signed: April 29, 2016

Max O. Cogburn Jr
United States District Judge